**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KAREEM MICHEL,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-3443-18-0178-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: February 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Atika Muhammad, Brooklyn, New York, for the appellant.

Anthony V. Merlino, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant's only submission to the administrative judge indicated that he was trying to appeal the failure to schedule a mediation date regarding an equal employment opportunity (EEO) claim. Initial Appeal File (IAF), Tab 1 at 5, 7. After the appellant failed to respond to the administrative judge's jurisdictional order, the administrative judge dismissed the appeal on the grounds that he had failed to make a nonfrivolous allegation that he had been subjected to an appealable action. IAF, Tab 5, Initial Decision.

On review, the appellant explains that he resigned from his position with the Postal Service on January 20, 2018. Petition for Review (PFR) File, Tab 1 at 4. However, approximately 1 month after tendering his resignation, the appellant decided that he wanted his job back. *Id*. He avers that human resources initially informed him that the Postal Service had not processed his resignation; accordingly, he returned to work on March 31, 2018. *Id*. The appellant indicates that he continued to work his usual shift until May 18, 2018, when the agency informed him that he was no longer an employee on account of his resignation. *Id*. at 5. The appellant contends that "EEO was suppose[d] to be helping [him]" sort through issues related to his employment status but failed to do so. *Id*. He more specifically alleges that "EEO [failed] to set up a mediation" and that this failure prompted his appeal to the Board. *Id*. The appellant also provides

documentary evidence, none of which was submitted to the administrative judge. *Id.* at 7-40.

The appellant's arguments on review fail to show any error in the administrative judge's conclusion that, based on the record before him, the appellant had failed to make a nonfrivolous allegation that he had been subjected to an appealable action. Although the appellant has provided additional allegations on review, he has provided no explanation as to why he did not present these allegations prior to the close of the record, as required. *See* 5 C.F.R. § 1201.114(b). The documents he provides on review are similarly irrelevant, and the appellant again provides no explanation as to why he did not timely submit these filings to the administrative judge. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.114(b).

Further, to the extent that the appellant is attempting to challenge other actions, such as circumstances regarding his resignation, return to work, and potential subsequent termination, he has not made nonfrivolous allegations that he is the type of Postal employee who has Board appeal rights. A Postal Service employee may file a Board appeal challenging an adverse action taken under 5 U.S.C. chapter 75 only if (1) he is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) he has completed 1 year of continuous service in the same or similar positions. IAF, Tab 3 at 1-2; *see Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).[2] Here, the appellant provides numerous Postal Service Form 50s, all of which indicate that he was a nonpreference-eligible PS-4 Mail Handler. PFR File, Tab 1 at 11, 18-19, 24. To the extent he seeks to bring a chapter 75 adverse action appeal, he has failed to make nonfrivolous allegations that he has such appeal rights. *See Toomey*, 71 M.S.P.R. at 12; *see also Hay v. U.S. Postal Service*, 103 M.S.P.R. 167, ¶ 7

---

[2] The administrative judge's jurisdictional order advised the appellant of these criteria, and thus, he has had a full and fair opportunity to make allegations in this regard. IAF, Tab 3 at 1-2.

(2006) (concluding that the appellant, a PS-4 Mail Handler, was neither a supervisor or manager nor engaged in personnel work).

The appellant also fails to provide any evidence or argument suggesting that his claim constitutes a restoration appeal in accordance with 5 C.F.R. part 353. To the contrary, he concedes that he voluntarily resigned from his position due to financial issues. PFR File, Tab 1 at 4, 7-9, 16. We therefore discern no basis for jurisdiction in this regard. *See Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008) (explaining that to be entitled to restoration rights in accordance with 5 C.F.R. part 353 an employee must have been separated from an appointment as a result of a job-related medical condition accepted by the Office of Workers' Compensation Programs).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        *Gina K. Grippando*

                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.